**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **GLADYS HARUN,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:21-cv-00333-TES** |
| **GEORGIA DEPARTMENT OF JUVENILE JUSTICE,** | |
| *Defendant.* | |

**ORDER**

Plaintiff Gladys Harun filed a Motion to Appoint Counsel on September 10, 2021. [Doc. 2]. As the Court discusses below, Plaintiff's motion is **DENIED**.

The Court finds the Eleventh Circuit's recent holding in *Beasley v. United States* instructive. It includes the relevant standard with respect to appointments of counsel in civil cases.

> A plaintiff in a civil case has no constitutional right to counsel, and while the court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision and should do so only in exceptional circumstances. [*Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)]. Exceptional circumstances include the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted, alteration in original). The key is whether the *pro se* litigant needs help in presenting the merits of his position to the court. *Id.*

*Beasley v. United States*, 852 F.App'x 520 (11th Cir. 2021).

Plaintiff's allegations do not demonstrate that her case contains sufficient "exceptional circumstances" that warrant the appointment of counsel in this matter. In her Complaint, Plaintiff asks the Court to "find the defendant liable for [her] suffering due to negligence." [Doc. 1, p. 5]. The Court notes that it is common for *pro se* litigants to file and prosecute actions for negligence on their own. While the appointment of counsel may be beneficial, the facts and legal arguments involved in this matter are not so novel and complex to require the assistance of an attorney, notwithstanding the added wrinkle that Plaintiff's case was "thrown out" by a state court.[1] Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 2].

Further, Plaintiff's alleged basis for jurisdiction of her claim is federal-question jurisdiction pursuant to 28 U.S.C. § 1331. *See* [Doc. 1, p. 3]. However, she clearly states in her Complaint that "[D]efendant [is] liable for [her] suffering due to negligence." [*Id.* at p. 5]. Thus, from the face of her Complaint, as pled, the cause of action being brought is one of "negligence," a purely state-law claim. *See* [*id.*].

"Federal courts are courts of limited jurisdiction" and only possess "that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiffs must include "a short and plain statement of the grounds

---

[1] Plaintiff alleges that she retained counsel in 2017 to assist her in prosecuting the case, but that the attorney "conned [her] 11000$ [sic] since he did not prosecute the case as a result [her] case was thrown out recently." [Doc. 1, p. 5].

for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). "If a complaint's factual allegations do not assure the court it has [subject-matter] jurisdiction, then the court is without power to do anything in the case." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (citing *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001)).

Furthermore, Plaintiff's Complaint does not comply with federal court pleading standards. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has provided additional guidance to the Rule 8(a) analysis in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pursuant to the *Twombly/Iqbal* paradigm, to state a plausible claim, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679; *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 566 U.S. at 678-79. Stated another way, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

The pleadings of a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). "Still, once a *pro* se [] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). Because Plaintiff's Complaint does not include more than legal conclusions with respect to her negligence claim, it does not sufficiently plead a cause of action.

As such, the Court **ORDERS** Plaintiff to **RECAST** her Complaint to (1) comply with the pleading standards required by the Federal Rules of Civil Procedure, and to **SHOW CAUSE** why the Court has subject-matter jurisdiction over her non-federal, state-law claim of negligence.[2]

**SO ORDERED**, this 16th day of September, 2021.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court notes that Plaintiff cannot rely on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 in this case. Diversity of citizenship jurisdiction is available in a civil action whenever the amount in controversy exceeds $75,000 and the parties are citizens of *different* states. 28 U.S.C. § 1332(a) (emphasis added). Plaintiff states in her complaint that she is "back in the United States and living in warner [sic] Robins now." [Doc. 1, p. 5]. Because Plaintiff is a citizen of the State of Georgia and Defendant is a Georgia State Agency, there is not complete diversity between the parties. Accordingly, diversity of citizenship jurisdiction is not available to Plaintiff.