IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GLADYS HARUN,**<br><br>     *Plaintiff,*<br><br>**v.**<br><br>**GEORGIA DEPARTMENT OF JUVENILE JUSTICE,**<br><br>     *Defendant.* | **CIVIL ACTION NO.**<br>**5:21-cv-00333-TES** |

## ORDER GRANTING MOTION TO DISMISS

Plaintiff has walked this road before—twice—albeit in the Southern District of Georgia. In both instances, her legal journey ended with the Court dismissing her case. And even though this time she starts her legal journey in a new district, like the proverbial ancient roads that all lead to Rome, she once again ends up at a familiar destination: dismissal.

## BACKGROUND

Plaintiff Gladys Harun (née Chege) brings this action against the Georgia Department of Juvenile Justice claiming that while it employed her as a teacher, a student physically and sexually assaulted her and falsely imprisoned her nearly nine years ago. [Doc. 5, ¶ 4]. After filing an internal complaint and charges of discrimination and retaliation with the EEOC, Plaintiff alleged that Defendant terminated her

employment. [*Id.* at ¶¶ 5–7]. Plaintiff brings six distinct counts against Defendant: (1) sex discrimination in violation of Title VII, (2) race discrimination in violation of Title VII, (3) retaliation in violation of Title VII, (4) state law negligence, (5) state law negligence per se, (6) and money damages for a violation of her rights under federal law pursuant to 42 U.S.C. § 1983. [*Id.* at ¶¶ 8–28].

Plaintiff first filed this suit (using an almost exact copy of the current complaint) in the Superior Court of Dodge County. *See* Exhibit 1 Complaint, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:17-00043-DHB-BKE (S.D. Ga. July 21, 2017), ECF No. 1-1. Defendant timely removed the action to the United States District Court for the Southern District of Georgia. Notice of Removal, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:17-00043-DHB-BKE (S.D. Ga. July 21, 2017), ECF No. 1. After removal, Defendant filed a Motion to Dismiss to which Plaintiff never responded despite an order of the court directing her to do so. *See* Motion to Dismiss, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:17-00043-DHB-BKE (S.D. Ga. July 28, 2017), ECF No. 5; *see also* Order, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:17-00043-DHB-BKE (S.D. Ga. November 3, 2017), ECF No. 13. Because Plaintiff failed to respond to Defendant's motion, the court granted Defendant's Motion to Dismiss for failing to prosecute her case. Order, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:17-00043-DHB-BKE (S.D. Ga. November 14, 2017), ECF No. 14.

A little more than six months later, Plaintiff filed a substantively identical complaint in the Superior Court of Dodge County, and Defendant again timely

removed it to the United States District Court for the Southern District of Georgia.

Notice of Removal, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:18-00051-DHB-BKE (S.D. Ga.

July 6, 2018), ECF No. 1. Following the same pattern, Defendant filed a Motion to

Dismiss to which Plaintiff never responded and the District Court Dismissed her action

for a second time for failing to prosecute her case. *See* Motion to Dismiss, *Chege v. Ga.

Dep't of Juv. Just.*, No. 3:18-00051-DHB-BKE (S.D. Ga. July 12, 2018), ECF No. 6; *see also*

Order Dismissing Case, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:18-00051-DHB-BKE (S.D.

Ga. August 17, 2018), ECF No. 10. Plaintiff filed a Motion for Reconsideration that the

Southern District ultimately denied, and which the Eleventh Circuit affirmed. *See*

Motion for Reconsideration, *Chege v. Ga. Dep't of Juv. Just.*, No. 3:18-00051-DHB-BKE

(S.D. Ga. September 24, 2018), ECF No. 11; *see also* Order, *Chege v. Ga. Dep't of Juv. Just.*,

No. 3:18-00051-DHB-BKE (S.D. Ga. October 30, 2019), ECF No. 22; *see also Chege v. Ga.

Dep't of Juv. Just.*, 815 F. App'x 425 (11th Cir. 2020). Undeterred, Plaintiff filed this suit,

apparently hoping her third try would be the charm.

## DISCUSSION

Defendant argues that the doctrine of res judicata bars Plaintiff's Recast

Complaint. [Doc. 14, p. 4]. The Court agrees.

"Res judicata is a judicially crafted doctrine, created to provide finality and

conserve resources." *Maldonado v. U.S. Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011)

(citing *Eastman Kodak Co. v. Atlanta Retail, Inc.*, 456 F.3d 1277, 1284 (11th Cir. 2006)). "Res

judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)). Prior litigation bars claims when four elements are present: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved with both cases." *Id.*

Dismissals for failure to prosecute or to comply with the rules or orders of a court operate as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). "However, this rule is not always dispositive of the 'adjudication on the merits' element of res judicata." *Tuitama v. Bank of Am., N.A.*, 552 F. App'x 881, 883 (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001)). Though Rule 41 may not *always* mandate a dismissal under it as an adjudication on the merits, Eleventh Circuit precedent (emanating from the former Fifth Circuit) does. Its binding case law dictates that any dismissal for failing to prosecute one's case serves as an adjudication on the merits with preclusive effect. *Id.* (citing *Bierman v. Tampa Elec. Co.*, 604 F.2d 929, 930–31 (5th Cir. 1979)).[1]

---

[1] "[T]he decisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for [the court of appeals], the district courts, and the bankruptcy courts . . . ." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Here, we have a clear case of claim preclusion. The United States District Court for the Southern District of Georgia properly dismissed Plaintiff's claims, not once, but twice for failing to prosecute her action. For purposes of claim preclusion, this dismissal constitutes a final judgment on the merits. Further, the Southern District properly had jurisdiction to enter those orders. Next, despite Plaintiff's name change, the parties are identical in all three actions—Gladys Harun (née Chege) as the Plaintiff and the Georgia Department of Juvenile Justice as the Defendant. Last, not only is the substantive cause of action the same in all three cases, Plaintiff used a nearly identical complaint in them as well. Plaintiff's own counsel acknowledges that "res judicata is an appropriate challenge to the lawsuit at bar."[2] [Doc. 18, p. 5]. As such, the Court finds that the doctrine of claim preclusion bars Plaintiff from bringing this action.

## CONCLUSION

Because the Court determines that the doctrine of res judicata bars Plaintiff's action, it **GRANTS** Defendant's Motion to Dismiss [Doc. 14]. Consequently, it **DISMISSES** Plaintiff's Recast Complaint. [Doc. 5]. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** accordingly.

**SO ORDERED**, this 23rd day of May, 2022.

s/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**

---

[2] The Court notes that Plaintiff's counsel did not represent her in the previous two actions and apparently, Plaintiff wasn't entirely forthcoming with him about her prior suits. The Court appreciates his candor and professionalism regarding the viability of Defendant's defense of res judicata. Well done.

**UNITED STATES DISTRICT COURT**